# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHAIM LEITNER, individually and on behalf of all others similarly situated, | ) ) ) | Case No.: 1:20-cv-00700-BMC |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| CLIENT SERVICES, INC. | ) ) ) | |
| Defendant(s) | ) ) ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(6)

**STEIN SAKS, PLLC**

*s/ Ken Willard*
Kenneth Willard, Esq.
285 Passaic Street
Hackensack, NJ 07601
Ph: 201-282-6500
Fax: 201-282-6501
kwillard@SteinSaksLegal.com

# **TABLE OF CONTENTS**

Table of Authorities …………………………………………………......   ii

I. Introduction ……………………………………………….……..   1

II. Factual Background …………………………………………...   2

III. Procedural Background…………………………………………..   2

IV. Standard of Review ……………………………………………   2

V. Legal Argument ……………………………………………….   5

    A. THE FDCPA AND THE LEAST SOPHISTICATED
    CONSUMER STANDARD …………………………………...   4

    B. THE LETTER IS MISLEADING UNDER §§ 1692e AND g
    BECAUSE ITEMIZED CHARGES IN THE LETTER IMPLY
    THAT NON-INTEREST CHARGES WILL CONTINUE TO
    ACCRUE, BUT DOES NOT CLARIFY WHETHER THEY
    WILL ……………………………………………………………   6

    C. THE LETTER FAILED TO INCLUDE *AVILA* SAFE HARBOR
    LANGUAGE THAT WOULD HAVE IMMUNIZED
    DEFENDANT AGAINST LIABILITY ……………………………   15

VI. CONCLUSION …………………………………………………….   16

**Table of Authorities**

**Second Circuit Opinions**

*Altieri v. Overton, Russell, Doerr, & Donovan, LLP*,
   281 F. Supp. 3d 254 (N.D.N.Y. 2017) ....................................................................... 5, 6

*Altieri v. Overton, Russell, Doerr, & Donovan, LLP*,
   2017 WL 6543819 (N.D.N.Y. Dec. 20, 2017) ............................................................. 13

*Avila v. Riexinger & Assocs., LLC*,
   817 F.3d 72 (2d Cir. 2016) ........................................................................................ 8

*Bautz v. ARS Nat'l Servs.*,
   226 F. Supp. 3d 131 (E.D.N.Y. 2016) ........................................................................ 5

*Berger v. Suburban Credit Corp.*,
   No. 04 CV 4006 (CLP), 2006 U.S. Dist. LEXIS 62909 (E.D.N.Y. Sep. 5, 2006) ................................ 6

*Carlin v. Davidson Fink LLP*,
   852 F.3d 207 (2d Cir. 2017) .......................................................................... 7, 10, 11

*Cleveland v. Caplaw Enters.*,
   448 F.3d 518 (2d Cir. 2006) ...................................................................................... 3

*Clomon v. Jackson*,
   988 F.2d 1314 (2d Cir. 1993) ..................................................................................... 6

*Cruz v. Credit Control Servs.*,
   No. 2:17-cv-1994 (ADS)(GRB), 2017 U.S. Dist. LEXIS 186125 (E.D.N.Y. Nov. 8, 2017) ............. 13

*Datiz v. Int'l Recovery Assocs.*,
   No. CV 15-3549 (ADS) (AKT), 2018 U.S. Dist. LEXIS 127196 (E.D.N.Y. July 27) ...................... 5

*Dick v. Enhanced Recovery Co., LLC*,
   No. 15-cv-2631 (RRM) (SMG), 2016 U.S. Dist. LEXIS 135789,
   2016 WL 5678556 (E.D.N.Y. Sept. 28, 2016) ................................................................ 13

*Donaeva v. Client Servs.*,
   No. 18-cv-6595 (BMC), 2019 U.S. Dist. LEXIS 116419 (E.D.N.Y. July 11, 2019) ....................... 14

*Dow v. Frontline Asset Strategies, LLC*,
   783 Fed. Appx. 75 (2d. Cir. Nov. 4, 2019) .............................................................. 12-13

*DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*,
   871 F. Supp. 2d 143 (E.D.N.Y. 2012) ......................................................................... 3, 4

*Foster v. FEMA*,
   128 F. Supp. 3d 717 (E.D.N.Y. 2015) ......................................................................... 3, 4

*Hogan v. Nat'l Enter. Sys.*,
   No. 18-CV-2267 (JFB) (GRB), 2019 U.S. Dist. LEXIS 44939 (E.D.N.Y. Mar. 18, 2019) .............. 15

*Kolbasyuk v. Capital Mgmt. Servs., LP*,

918 F.3d 236 (2d Cir. 2019) ............................................................................ 15

*Kropelnicki v. Siegel*,
   290 F.3d 118 (2d Cir. 2002) ........................................................................ 4

*Madorskaya v. Frontline Asset Strategies, LLC*,
   No. 19-CV-00895 (PKC) (RER), 2020 U.S. Dist. LEXIS 13195
   (E.D.N.Y. Jan. 27, 2020) ...................................................... 7, 9, 10, 11, 12

*McStay v. I.C. Sys., Inc.*,
   308 F.3d 188 (2d Cir. 2002) ........................................................................ 6

*Meola v. Asset Recovery Sols., LLC*,
   No. 17-cv-01017, 2018 U.S. Dist. LEXIS 139101
   (E.D.N.Y. Aug. 15, 2018) ....................................... 7-8, 8, 9, 10, 11, 14

*Nechis v. Oxford Health Plans, Inc.*,
   421 F.3d 96 (2d Cir. 2005) .......................................................................... 3

*Packer v. Raging Capital Mgmt., LLC*,
   242 F. Supp. 3d 141 (E.D.N.Y. 2017) ........................................................ 3

*Qureshi v. Vital Recovery Servs.*,
   No. 18-CV-4522 (ENV) (RML), 2019 U.S. Dist. LEXIS 138343
   (E.D.N.Y. Aug. 6, 2019) ........................................................................... 14

*Russell v. Equifax A.R.S.*,
   74 F.3d 30 (2d Cir. 1996) ............................................................................ 5

*Suquilanda v. Cohen & Slamowitz, LLP*,
   2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sep. 7, 2011) ........................... 5

*Taylor v. Fin. Recovery Servs.*,
   886 F.3d 212 (2d Cir. 2018) ................................................................ 5, 8, 9

*Yaa-Lengi Ngemi v. Cty. of Nassau*,
   87 F. Supp. 3d 413 (E.D.N.Y. 2015) .......................................................... 4

**Federal Court Opinions**

*Barrientos v. Law Offices of Mark L. Nichter*,
   76 F. Supp. 2d 510 (1999) ........................................................................... 5

*McMillan v. Collection Professionals Inc.*,
   455 F.3d 754 (7th Cir. 2006) ...................................................................... 6

**United States Code**

15 U.S.C. § 1692 ............................................................................................ 1, 2

15 U.S.C. § 1692e ................................................................................. 6, 7, 9, 15

15 U.S.C. § 1692g .................................................................................... 7, 9, 10

**Rules**

FED. R. CIV. P. 12 ..................................................................................................................... 1

Rule 201 ..................................................................................................................................... 4

## I.      <u>INTRODUCTION</u>

Plaintiff filed suit under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*, for failing to state the amount of the debt clearly and unambiguously because it fails to notify the least sophisticated consumer whether or not non-interest charges are in fact accruing on the account while at the same time falsely implying that they are.  The letter states the amount of the non-interest charges that have accrued since charge-off and yet does not explain whether or not non-interest charges will continue to accrue in the future.  For this reason alone, the letter is deceptive and misleading to the least sophisticated consumer.

Defendant argues that the letter is not misleading because it states the amount of the debt currently due, and therefore falls in line with established caselaw in the Second Circuit holding that debt collectors are not affirmatively required to inform consumers whether non-interest charges are accruing when no such accrual is actually taking place.  Defendant particularly notes that Plaintiff did not include any allegations in the Complaint that interest is accruing.  In making this argument, Defendant entirely ignores the fact that the letter itemizes non-interest charges that have already accrued on the account.  This suggests to the least sophisticated consumer that non-interest charges will continue to accrue in the future.  The lack of any explanation as to why they accrued in the first place or whether they will continue to accrue makes the letter patently misleading.  Defendant also overlooks the fact that the letter is missing the *Avila* safe harbor language that would have put the least sophisticated consumer on notice of any potential accruals in the future.  The language was required, because, as explained above, the presence of the itemized non-interest charges suggests that non-interest charges will continue to accrue in the future.  These two defects in the letter are fatal to Defendant's motion to dismiss.  For that reason, the Court should deny Defendant's motion in its entirety.

## II.   <u>FACTUAL BACKGROUND</u>

On or about April 8, 2019, Defendant Client Services Inc. ("CSI") sent Plaintiff a debt

collection letter ("Letter") containing the following language:

> The total amount of the debt due as of charge-off:
> $5,266.06
> The total amount of interest accrued since charge-off:
> $0.00
> The total amount of non-interest charges or fees accrued since charge off:
> $263.50
> The total amount of payments and credits made on the debt since the charge-off:
> $263.50
>
> **Current Balance:**
> **$5,266.06.**

Doc # 1-1, Ex. A attached to Compl. ("Ex. A")(emphasis in original); *see also* Compl. at ⁋ 32.

While the Letter contains a statement of the current balance, it also contains an itemized

account of non-interest charges that have accrued since charge-off, payment for same, and no

other explanation as to how those charges came about, their source, or whether the charges will

continue to accrue in the future.  Compl. at ⁋ 34; *see also generally* Ex. A.  The Letter is also

lacking an *Avila* safe harbor statement that would have explained whether those charges would

have continued to accrue in the future.  *See generally Id.*

## III.   <u>PROCEDURAL BACKGROUND</u>

Plaintiff filed this action in the Eastern District of New York on February 7, 2020,

alleging misleading and deceptive debt collection practices under the FDCPA, 15 U.S.C. § 1692

*et. seq.*, by Defendant CSI.  A scheduling order was issued and a status conference held before

this Court on March 25, 2020.  In accordance with the order of the Court, Defendants filed their

motion to dismiss on May 17, 2020.  Plaintiff herewith responds.

## IV.   <u>STANDARD OF REVIEW</u>

When reviewing a motion to dismiss, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). The complaint must allege "a plausible set of facts sufficient to raise a right to relief above the speculative level. *Foster v. FEMA*, 128 F. Supp. 3d 717, 722 (E.D.N.Y. 2015)(citing *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)))(internal quotations omitted). This standard does not require a heightened pleading of factual specifics, "…but only enough facts to state a claim to relief that is plausible on its face." *Foster*, 128 F. Supp. 3d at 722 (quoting *Twombly*, 550 U.S. at 570)(internal quotations omitted).

To satisfy this standard, the complaint must set forth more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 871 F. Supp. 2d 143, 161 (E.D.N.Y. 2012)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009))(internal quotations omitted). A complaint that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions devoid of further factual enhancement" will not suffice either. *DPWN Holdings*, 871 F. Supp. 2d at 161 (quoting *Twombly*, 550 U.S. at 555, 557)(internal quotations omitted). Rather, a claim is plausible on its face when it sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Packer v. Raging Capital Mgmt., LLC*, 242 F. Supp. 3d 141, 146 (E.D.N.Y. 2017)(quoting *Iqbal*, 556 U.S. at 663)(internal quotations omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Foster*, 128 F. Supp. 3d at 723 (quoting *Iqbal*, 556 U.S. at 678 (citations omitted)).  However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely."  *DPWN Holdings*, 871 F. Supp. 2d at 161 (quoting *Twombly*, 550 U.S. at 556)(internal quotations omitted).

The Supreme Court has set forth a two-pronged test courts must follow in reviewing a motion to dismiss.  *Yaa-Lengi Ngemi v. Cty. of Nassau*, 87 F. Supp. 3d 413, 416 (E.D.N.Y. 2015)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  The court must first identify mere conclusions that are not entitled to the assumption of truth and disregard them, and then identify the well-pleaded factual allegations of the complaint, assume their veracity, and determine whether they plausibly give rise to an entitlement of relief.  *Yaa-Lengi Ngemi*, 87 F. Supp. 3d at 416-417 (citing *Iqbal*, 556 U.S. at 679).  In deciding a motion to dismiss, it is appropriate for a court to consider "facts alleged in the complaint and documents attached to it or incorporated in it by reference."  *Foster*, 128 F. Supp. 3d at 723 (citing Rule 201 of the Federal Rules of Evidence)(also citing *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003)(internal citations omitted), *aff'd in part and reversed in part on other grounds sub nom.*, *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005), cert. denied, 546 U.S. 935, 126 S. Ct. 421, 163 L. Ed. 2d 321 (2005)).

## V.   LEGAL ARGUMENT

### A.  THE FDCPA AND THE LEAST SOPHISTICATED CONSUMER STANDARD

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002)(quoting 15 U.S.C. § 1692(e))(internal quotations omitted).  Congress was compelled to act

because of "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, which contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Bautz v. ARS Nat'l Servs.*, 226 F. Supp. 3d 131, 134 (E.D.N.Y. 2016)(quoting 15 U.S.C. § 1692(a))(internal quotations omitted).  "[T]he FDCPA must be construed liberally to effectuate its stated purpose…" *Taylor v. Fin. Recovery Servs.*, 886 F.3d 212, 213-214 (2d Cir. 2018).

"Deceptiveness within the meaning of this subsection includes ambiguity; a collection notice may be deceptive when it can reasonably be read to have two or more different meanings, one of which is inaccurate." *Barrientos v. Law Offices of Mark L. Nichter*, 76 F. Supp. 2d 510, 513 (1999) (citing *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)).  The Second Circuit uses the least sophisticated consumer standard in determining whether a debt collection letter is deceptive. *Datiz v. Int'l Recovery Assocs.*, No. CV 15-3549 (ADS) (AKT), 2018 U.S. Dist. LEXIS 127196, at *26 (E.D.N.Y. July 27, 2018)(quoting *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008)(citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993))(internal quotations omitted).

"The least sophisticated consumer test is an objective standard that ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd." *Suquilanda v. Cohen & Slamowitz, LLP*, 2011 U.S. Dist. LEXIS 102727, at *13 (S.D.N.Y. Sep. 7, 2011)(quoting *Clomon*, 988 F.2d at 1318)(internal quotations omitted).  The least sophisticated consumer is presumed not to have "the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer." *Russell*, 74 F.3d at 34; *see also Altieri v. Overton, Russell, Doerr, & Donovan, LLP*, 281 F. Supp. 3d 254, 258 (N.D.N.Y. 2017).  He is someone who "may be naive about the law, but is rational and possesses a rudimentary amount of

information about the world." *Altieri*, 281 F. Supp. 3d at 258 (quoting *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 2017 U.S. App. LEXIS 22822, 2017 WL 5330081, at *4 (2nd Cir. 2017)(internal quotations omitted)).  As the Second Circuit explained,

> To serve the purposes of the consumer-protection laws, courts have attempted to articulate a standard for evaluating deceptiveness that does not rely on assumptions about the "average" or "normal" consumer. This effort is grounded, quite sensibly, in the assumption that consumers of below-average sophistication or intelligence are especially vulnerable to fraudulent schemes.

*Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *see also McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) ("What seems pellucid to a judge, a legally sophisticated reader, may be opaque to the unsophisticated consumer.")(internal quotation marks and alterations omitted).

However, "in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness." *Altieri*, 281 F. Supp. 3d at 258 (citing *Wendel v. Mullooly, Jeffrey, Rooney & Flynn, L.L.P.*, No. 15-CV-936-JTC, 2016 U.S. Dist. LEXIS 46848, 2016 WL 1365483, at *4 (W.D.N.Y. Apr. 6, 2016)(quoting *Clomon*, 988 F.2d at 1318-19))(internal quotations omitted).  Therefore, the standard protects against "bizarre or idiosyncratic" interpretations of collection letters, and for this reason, all such letters must be read in their entirety.  *Altieri*, 281 F. Supp. 3d at 259 (quoting *Clomon*, 988 F.2d at 1320); *see also McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002).  Whether the least sophisticated consumer is confused by a collection letter is a question of law in this Circuit.  *Berger v. Suburban Credit Corp.*, No. 04 CV 4006 (CLP), 2006 U.S. Dist. LEXIS 62909, at *11 (E.D.N.Y. Sep. 5, 2006)(citing *McStay*, 308 F.3d at 190)(other citations omitted).

### B.  THE LETTER IS MISLEADING UNDER §§ 1692e AND g BECAUSE ITEMIZED CHARGES IN THE LETTER IMPLY THAT NON-INTEREST CHARGES WILL CONTINUE TO ACCRUE, BUT DOES NOT CLARIFY WHETHER THEY WILL

The Letter is misleading and deceptive because it itemizes non-interest charges that have accrued since charge-off, implying to the least sophisticated consumer that they will continue to accrue in the future.  Since the letter does not contain a clear statement one way or the other, the least sophisticated consumer would be left confused as to whether the current payoff amount would satisfy the debt at some future point in time, in violation of §§ 1692e and 1692g.

Section 1692e includes a general prohibition against a debt collector using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  The Section then includes a list of non-exhaustive examples of such conduct, including "the false representation of the character, amount, or legal status of any debt," *see* § 1692e(2)(A), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," *see* § 1692e(10).

Section 1692g requires, within five days of an initial communication to a consumer in connection with the collection of any debt, the debt collector to send the consumer a written notice stipulating the amount of the debt.  15 U.S.C. § 1692g(a)(1).  A notice that "fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the meaning of the message."  *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir. 2017)(citing and quoting *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001)(quoting *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998)))(internal quotations omitted).  "Thus, even if a debt collector accurately conveys the required information, a consumer may state a claim if she successfully alleges that the least sophisticated consumer would inaccurately interpret the message."  *Carlin*, 852 F.3d at 216.

This case is similar to *Madorskaya v. Frontline Asset Strategies, LLC*, No. 19-CV-00895 (PKC) (RER), 2020 U.S. Dist. LEXIS 13195 (E.D.N.Y. Jan. 27, 2020) and *Meola v. Asset*

*Recovery Sols., LLC*, No. 17-cv-01017, 2018 U.S. Dist. LEXIS 139101 (E.D.N.Y. Aug. 15, 2018).  In *Meola*, the collection letter stated the amount of the debt at charge-off, an identical amount in post-charge-off interest accrual, and a different amount for miscellaneous fees.  *See* No. 17-cv-01017, 2018 U.S. Dist. LEXIS 139101 at *2.  The court initially recognized the two governing cases regarding interest accrual as *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016) and *Taylor v. Financial Recovery Services, Inc.*, 886 F.3d 212 (2d Cir. 2018).  *See* No. 17-cv-01017, 2018 U.S. Dist. LEXIS 139101 at *10; *see also Avila*, 817 F.3d at 76 (holding that the failure to disclose the accrual of interest or fees on an account was materially misleading under the FDCPA where such fees or interest were actually accruing); *see also Taylor*, 886 F.3d at 214-215 (declining to adopt a *per se* rule requiring debt collectors to affirmatively disclose the accrual of interest and fees, and holding that the debt collector's failure to do so did not violate the FDCPA where no such accrual was taking place).

As to *Taylor*, the *Meola* court noted,

"[I]f a collection notice *correctly* states a consumer's balance without mentioning interest or fees, *and no such interest or fees are accruing*, then the notice . . . [does not] fail to state accurately the amount of the debt under Section 1962g." The opposite must also be true. If a debt collection notice *incorrectly* states the consumer's balance while at the same time mentions, or at least implies, incorrectly, that interest and fees may be accruing, the notice "fail[s] to state accurately the amount of the debt under Section 1962g."

No. 17-cv-01017, 2018 U.S. Dist. LEXIS 139101 at *10 (citing and quoting *Taylor*, 886 F.3d at 215)(emphasis in original).  The court went on to hold that the plaintiff had pled sufficient facts to withstand a motion to dismiss where the letter stated the amount of the debt incorrectly, "and moreover, implies to the least sophisticated consumer that interest has accrued since charge off or may continue to accrue in the future, when in fact that may not be the case."  No. 17-cv-

8

01017, 2018 U.S. Dist. LEXIS 139101 at *10.[1]  The court reasoned, "If interest has accrued

since charge off, it is quite reasonable to assume that it continues to accrue. Yet, there is no

definitive statement from the debt collector one way or the other."  No. 17-cv-01017, 2018 U.S.

Dist. LEXIS 139101 at *9-*10.

     *Madorskaya* took it one step further and applied *Meola*'s holding exclusively in the

context of post-charge-off interest.  In that case, the plaintiff alleged violations of §§ 1692e(2),

1692e(10), and 1692g(a)(1) for a collection letter's failure to explain whether interest would

continue to accrue on the account when it stated that $346.02 in interest had already accrued

since charge-off.  No. 19-CV-00895 (PKC) (RER), 2020 U.S. Dist. LEXIS 13195 at *16, *19.

The court found that the statement regarding post-charge-off interest could reasonably be

interpreted by the least sophisticated consumer to mean that interest would accrue on the account

in the future, and the failure to explain whether it would or not constituted a violation of the

FDCPA.  *See Id.* at *16 ("[T]he non-zero amount of interest accrued since charge-off listed in the

debt collection letter at issue … created ambiguity for the least sophisticated consumer because it

suggested that interest might accrue in the future.")(citing *Meola*, No. 17-cv-01017, 2018 U.S.

Dist. LEXIS 139101 at *3.)

     In *Carlin*, the Second Circuit considered a similar situation.  In that case, a debt

collection letter stated the amount of the debt that was currently due, and then below that amount

contained an additional statement that "fees, costs, additional payments and/or escrow

---

[1] While the court limited its holding to § 1692g, which requires a statement of the debt, the same
analysis applies to § 1692e.  *See Taylor*, 886 F.3d at 215 ("read[ing] Sections 1692e and 1692g
in harmony" with one another and finding violations of both under the same set of facts); *see
also Madorskaya,* No. 19-CV-00895 (PKC) (RER), 2020 U.S. Dist. LEXIS 13195, at *16
("While the court in *Meola* was considering a claim brought only under Section 1692g, this
Court concludes that the same reasoning applies here to Plaintiff's claims under Section 1692e,
given the close interplay between the statutory subsections.")(citing *Taylor*, 886 F.3d at 215).

disbursements" may become due before the "Statement Void After" date, and that the debtor would be reimbursed for any amounts that he had been charged for but which had not yet become due. *See Carlin*, 852 F.3d at 211. The court held that the letter failed to state the amount of the debt in a clear manner under § 1692g. 852 F.3d at 216. The court in particular noted,

> Absent fuller disclosure, an unsophisticated consumer may not understand how these fees are calculated, whether they may be disputed, or what provision of the note gives rise to them. Because the statement gives no indication as to what the unaccrued fees are or how they are calculated, she cannot deduce that information from the statement.

*Id.* at 216. The court went on to note,

> A statement is incomplete where, as here, it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase.

> *Id.* at 216. The court reasoned that with the additional verbiage regarding the accrual of fees and charges, it was impossible to determine to what extent those amounts had actually accrued and therefore the least sophisticated consumer's current liability. *See Id.*

*Madorskaya*, *Meola* and *Carlin* provide persuasive support for Plaintiff's allegations in the Complaint. The Letter states the amount of the debt and the amount of non-interest charges that have accrued since charge off, leading the least sophisticated consumer to believe that non-interest charges will continue to accrue. *See* No. 17-cv-01017, 2018 U.S. Dist. LEXIS 139101 at *9-*10 ("If interest has accrued since charge off, it is quite reasonable to assume that it continues to accrue."); *see also Madorskaya,* No. 19-CV-00895 (PKC) (RER), 2020 U.S. Dist. LEXIS 13195, at *16. This would leave the least sophisticated consumer uncertain as to whether the stated amount of the debt would be enough to satisfy the debtor's liability at some future point in time, or whether additional funds would be necessary given the accrual of non-interest charges in

10

the interim. *See Madorskaya,* No. 19-CV-00895 (PKC) (RER), 2020 U.S. Dist. LEXIS 13195, at *17 ("The Court concludes that, as a result, under the FDCPA, the Letter should have provided information as to whether interest is accruing on the debt.").

Defendant correctly points out that the letter states the amount of the debt; however, it is far from clear whether the stated amount of debt will be enough to satisfy the debtor's liability on this account in the future. Given the statement regarding the accrual of non-interest charges, the reasonable assumption would be that such charges would continue to accrue in the future, and the Letter's failure to offer any explanation as to the source of those charges, whether by contract or debt collector's practices, and how those charges were calculated, *see Carlin*, 852 F.3d at 216, the least sophisticated consumer would not be able to deduce from the Letter alone whether the stated amount of debt would be enough to satisfy his liability in the future, *see Meola*, No. 17-cv-01017, 2018 U.S. Dist. LEXIS 139101 at *9-*10. He has no way of determining when, how or if those charges will accrue.

Defendant may argue that any confusion regarding the accrual of non-interest charges is allayed by the fact that those charges were subsequently paid off. Even if it could be assumed that Plaintiff paid off those charges himself, that does not obviate the need for a clearer statement on whether further charges will accrue in the future, because it is reasonable to assume that Plaintiff would be liable for those charges as well. *See Madorskaya*, No. 19-CV-00895 (PKC) (RER), 2020 U.S. Dist. LEXIS 13195, at *17-*18 (in responding to the defendant's argument that there was no confusion as to whether interest continued to accrue on the account because, the current amount due being lower than the amount due at charge-off, the least sophisticated consumer could simply assume the debt was deteriorating of its own accord, the court explaining that the argument "fails to address why the least sophisticated consumer would reasonably ignore

11

the non-zero amount of 'Total Interest Accrued since Charge-off' without any information to otherwise confirm that the Total Amount Due was not accruing interest that would have to be paid in the future.").

Defendant also argues, citing *Taylor*, that it has no obligation to affirmatively disclose the accrual of non-interest charges and fees where the Complaint contains no allegations that such charges were actually accruing.  This very argument was considered and rejected in *Madorskaya*. *See* No. 19-CV-00895 (PKC) (RER), 2020 U.S. Dist. LEXIS 13195, at *16-*17 ("Defendant maintains that interest was not charged on the Debt and relies on *Taylor* for the proposition that debt collectors have 'no affirmative obligation to disclose that interest is not accruing.'")(citations omitted).  The court stated in no uncertain terms, "[T]his is an overbroad reading of *Taylor*, the facts of which are distinguishable from the situation presented here, where the collection letter showed a non-zero monetary value for accrued interest."  *Madorskaya*, No. 19-CV-00895 (PKC) (RER), 2020 U.S. Dist. LEXIS 13195, at *17 (citing *Taylor*, 886 F.3d at 215).

Defendant relies on a string of other cases in support of its position that it has no affirmative obligation to disclose the accrual of non-interest charges and fees, and in the process completely mischaracterizes their holdings.  These cases did not hold that debt collectors have no affirmative obligation to disclose the fact that interest and fees are accruing on the account when the least sophisticated consumer could otherwise reasonably infer that they were accruing based on itemizations contained in the letter; to the contrary, they held that debt collectors had no such obligation in the total absence of such itemizations, the letter being therefore devoid of any inference regarding the accrual of interest and fees.  *Dow v. Frontline Asset Strategies, LLC*, 783 Fed. Appx. 75, 76-77 (2d. Cir. Nov. 4, 2019)("We do not find the notice to be misleading here

given that these lines reflect $0 in interest or fees and charges had accrued."); *Dick v. Enhanced Recovery Co., LLC*, 2016 WL 5678556, at *7-*9 (E.D.N.Y. Sept. 28, 2016)(debt collection letter not deceptive or misleading by failing to explain that non-interest charges and fees were not accruing on the account where the letter noted $0 had accrued in non-interest charges and fees); *Altieri v. Overton, Russell, Doerr, & Donovan, LLP*, 2017 WL 6543819, at *2, *4 (N.D.N.Y. Dec. 20, 2017)(in reviewing a debt collection letter that listed the current amount due and contained no other information, the court concluding that plaintiff's allegations that the amount due may increase over time was purely hypothetical); *Cruz v. Credit Control Servs.*, No. 2:17-cv-1994 (ADS)(GRB), 2017 U.S. Dist. LEXIS 186125, at *10-*12 (E.D.N.Y. Nov. 8, 2017)(a debt collection letter's failure to disclose the possibility of pre-judgment interest accruing on the debt was not misleading where no petition had been made to a court for pre-judgment interest under N.Y. C.P.L.R. § 5001).

Moreover, Defendant's reliance on *Dick* to argue that it has no affirmative obligation to disclose the accrual of non-interest charges and fees was expressly rejected by *Meola*. *See* No. 17-cv-01017, 2018 U.S. Dist. LEXIS 139101 at *11 ("Defendants' reliance on *Dick v. Enhanced Recovery Co., LLC*, No. 15-cv-2631 (RRM) (SMG), 2016 U.S. Dist. LEXIS 135789, 2016 WL 5678556 (E.D.N.Y. Sept. 28, 2016), is misplaced."). The court explained that the notice in *Dick* stated the amount of the debt, the amount of interest as $0 and the amount of non-interest charges and fees as $0. *Id.* at *11. "[T]he notice did 'not leave Dick, or the least sophisticated consumer, in doubt of the nature and legal status of the underlying debt; nor does it impede the consumer's ability to respond to or dispute collection.'" *Id.* at *11 (quoting *Dick*, No. 15-cv-2631 (RRM) (SMG), 2016 U.S. Dist. LEXIS 135789, [WL] at *4). In contrast, the notice in *Meola* stated the amount of the interest since charge-off as $10,848.95, the amount of miscellaneous fees since

charge-off as $1,214.50, and did "not include any information that would help the least

sophisticated consumer understand the nature and legal status of the underlying debt or whether

interest or fees continued to accrue.")  *Meola*, No. 17-cv-01017, 2018 U.S. Dist. LEXIS 139101

at *11-*12.   The court explained,

> The least sophisticated consumer reading the ARS notice would be unable "to
> determine the minimum amount she owes at the time of the notice, what she will
> need to pay to resolve the debt at any given moment in the future, and an
> explanation of any fees and interest that will cause the balance to increase."

No. 17-cv-01017, 2018 U.S. Dist. LEXIS 139101 at *12 (citing and quoting *Carlin*, 852

F.3d at 216).

Other courts are in accord with the proposition that no obligation to disclose interest and

fees is present in the absence of some itemized notation regarding the accrual of such amounts in

the letter.  *See e.g. Qureshi v. Vital Recovery Servs.*, No. 18-CV-4522 (ENV) (RML), 2019 U.S.

Dist. LEXIS 138343, *8-*9 (E.D.N.Y. Aug. 6, 2019)("The mere inclusion of zero-balance line

items for interest and fees does not imply that such charges may accrue in the future, just as a

statement that an act did not occur in the past does not, on its own, suggest that it may occur in

the future."); *see also Donaeva v. Client Servs.*, No. 18-cv-6595 (BMC), 2019 U.S. Dist. LEXIS

116419, at *6 (E.D.N.Y. July 11, 2019)(" Nor would it be reasonable to infer from 'Interest:

0.00' and 'Other Charges: 0.00' that the account would somehow begin to accrue fees and other

charges at some later unspecified time.").  In sum, the weight of authority in the Second Circuit

supports the rule that the the inclusion of itemized interest and fees, which suggests to the least

sophisticated consumer that interest and fees will continue to accrue on the account, obligates the

debt collector to disclose whether interest and fees may accrue in the future – as well as its

corollary that no such obligation exists where the letter fails to itemize the accrual of interest and

fees, or such itemizations stand at $0.

In conclusion, it is clear that by failing to explain whether non-interest charges were accruing on the account and simultaneously including an itemized account of their accrual, implying that such accrual was indeed happening, the Letter violated §§ 1692e(2), 1692e(10), and 1692g(a)(1) of the FDCPA.

### C.  THE LETTER FAILED TO INCLUDE *AVILA* SAFE HARBOR LANGUAGE THAT WOULD HAVE IMMUNIZED DEFENDANT AGAINST LIABILITY

Finally, the Letter failed to satisfy *Avila* because it did not include the safe harbor language.  This was the deciding factor in *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236 (2d Cir. 2019), which is why Defendant's reliance on this case to establish that it has no affirmative obligation to disclose the accrual of non-interest charges and fees is inapposite.  In that case, the collection letter stated the amount of the debt and included an *Avila* safe harbor statement indicating that due to interest and fees, the amount of the debt may increase. *Kolbasyuk*, 918 F.3d at 238.  The court held that the alleged violation of 1692e was foreclosed by *Avila*.  918 F.3d at 241-242.  The court went on to note that not only "did [Defendant] disclose—quite explicitly—that Kolbasyuk's balance might increase," but the debt collector did so by utilizing the safe harbor language adopted by the Second Circuit in *Avila*, which the court reaffirmed.  *Id.* at 241-242 (citing *Avila*, 817 F.3d at 77); *see also Hogan v. Nat'l Enter. Sys.*, No. 18-CV-2267 (JFB) (GRB), 2019 U.S. Dist. LEXIS 44939, at *11-*13 (E.D.N.Y. Mar. 18, 2019)(reaffirming *Avila* safe harbor language in light of the Second Circuit's holding in *Kolbasyuk* and finding that the debt collection letter which contained a statement of the debt and the *Avila* safe harbor did not violate the FDCPA).

The safe harbor language as adopted by the Second Circuit is distinctly missing from the Letter.  This is detrimental to any defense that Defendant is not liable for its failure to affirmatively disclose the accrual of interest and fees, at least where the Letter implies as much

by past itemizations.  Had the Defendant taken this simple step and included the safe harbor, Defendant would have been off the hook.  As it stands, however, Defendant's failure to include this language leads to an ambiguity regarding the amount of the debt going forward.

**VI.**     **CONCLUSION**

For the reasons set forth above, Defendant's motion to dismiss should be denied in its entirety.


Dated:  May 18, 2020                                    Respectfully Submitted,

                                                        **STEIN SAKS, PLLC**

                                                        */s/ Ken Willard*_____

                                                        Kenneth Willard, Esq.


16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 18, 2020, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>*s/ Ken Willard*</u>

Kenneth Willard, Esq.