```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
CHAIM LEITNER, individually and on behalf of                      :
all others similarly situated,                                    :
                                                                  :
                                                                  :   MEMORANDUM DECISION
                                        Plaintiff,                :   AND ORDER
                                                                  :
                        - against -                               :   20-cv-700 (BMC)
                                                                  :
CLIENT SERVICES, INC.,                                            :
                                                                  :
                                        Defendant.                :
                                                                  :
----------------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff brings this Fair Debt Collection Practices Act ("FDCPA") action alleging that defendant's debt collection letter was misleading and deceptive. It is before me on defendant's motion to dismiss. Because the letter contained a non-zero amount after the line item for "non-interest charges and fees accrued since charge off," and failed to explain whether the imposed amount was a one-time occurrence or a recurring one, defendant's motion is denied.

## BACKGROUND

Plaintiff defaulted on a credit card debt owed to Bank of America, N.A. ("BOA"). BOA eventually charged off the remaining $5,266.06 debt as a bad debt and referred it to defendant Client Services for collection. Client Services then sent plaintiff a debt collection letter, which stated in part the following:

> The above account has been placed with our organization for collections.
>
> | | |
> |---|---|
> | The total amount of the debt due as of charge-off: | $5,266.06 |
> | The total amount of interest accrued since charge-off: | $0.00 |
> | The total amount of non-interest charges or fees accrued since charge-off: | $263.50 |
> | The total amount of payments and credits made on the debt since the charge-off: | $263.50 |
> | **Current Balance:** | **$5,266.06** |

Plaintiff claims that the presence of "[t]he total amount of non-interest charges or fees accrued since charge-off: $263.50" creates confusion as to the true amount of debt because there is "no explanation as from what source the 'non-interest charges or fees' are derived"; no explanation if such charges and fees might be reinstated to the account; and no statement if such amounts would be again be debited against the account in the future.  Plaintiff was therefore "left confused regarding the actual status of his balance due" and whether additional "charges may or may not be forthcoming."

As a result, plaintiff contends the letter is deceptive and misleading in violation of 15 U.S.C. § 1692e because it does not "clearly communicate the amount of the debt allegedly owed" under 15 U.S.C. § 1692g.  Defendant contends that the letter sets forth the amount due in a non-confusing manner and does not imply that future non-interest charges or fees will be added to the account.

**DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual allegations, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The FDCPA is a strict liability statute," Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, 875 F.3d 128, 134 (2d Cir. 2017), with a principal objective of "eliminat[ing] abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e).  "In this Circuit, the question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008) (quoting Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993)).

The least sophisticated consumer is presumed not to have "the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer." Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996). However, he is "neither irrational nor a dolt." Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010). Accordingly, in applying this standard, a court must "protect[] consumers against deceptive debt collection practices" and yet not indulge "claims . . . based on bizarre or idiosyncratic interpretations of collection notices." See Jacobson, 516 F.3d at 90 (internal quotation marks and citations omitted).

Under 15 U.S.C. § 1692g, a debt collector must provide the consumer with "a written notice containing . . . the amount of the debt." And under 15 U.S.C. § 1692e, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," including of the "character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). These two provisions should be read in harmony with each other. See Taylor v. Fin. Recovery Servs., Inc., 886 F.3d 212, 215 (2d Cir. 2018).

The question that the Court must answer is whether the letter is materially misleading because it is open to more than one reasonable interpretation, at least one of which is materially inaccurate. See Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 75 (2d Cir. 2016) (quotation omitted).

With respect to the total amount of debt owed, the collection letter consistently states that the "Current Balance" is "$5,266.06." This amount is contained in an itemized list, and it is the first and last number provided in the letter. In fact, at the end of the itemized list, this amount is bolded, reinforcing the figure's predominance and accuracy. Therefore, even to the least

3

sophisticated consumer, the amount of the debt as of the date of the letter is not misleading or ambiguous.  See Kolbasyuk v. Capital Mgmt. Servs., LP, 918 F.3d 236, 240 (2d Cir. 2019).

Nor does the reference to a debit and corresponding credit of $263.50 change this conclusion.  Whatever happened to cause those offsetting transactions is in the past, sometime after the charge-off date.  Even the least sophisticated consumer can see the offsetting line items. He would realize that the two numbers cancel one another out.  What remains is the clear and unambiguous amount of $5,266.06 for the current balance owed.

Plaintiff, however, contends that the two $263.50 line items, without further explanatory language, leave open the possibility that the charge could be added back, or that an additional charge for the same or a different amount could be added for the same reason – whatever it was – that the $263.50 appeared in the first place.  Because of the lack of any information foreclosing this possibility, plaintiff argues that he does not know if the amount of his obligation is static or dynamic.  He has therefore been misled, he claims, as to whether paying $5,266.06 will close the account, or whether another charge might be added, so that more than $5,266.06 would be needed to close this account.

Plaintiff relies on Meola v. Asset Recover Sols., No. 17-cv-1017, 2018 WL 5020171 (E.D.N.Y. Aug. 15, 2018), report and recommendation adopted, 2018 WL 4660373 (E.D.N.Y. Sept. 28, 2018), to support his contention.  There, the letter contained the following table:

> Total Current Balance: $12,063.45
> Amount Due at Charge Off: $10,848.95
> Interest Accrued Since Charge Off: $10,848.95
> Miscellaneous Fees Since Charge Off: $1,214.50
> Total Payments Since Charge Off: $0.00

In fact, the "Interest Accrued Since Charge Off" line was a misprint.  It should have been zero. The $12,063.45 "Total Current Balance" was comprised solely of the amount due on the charge-

4

off date plus "miscellaneous fees." The court held that the misprint made the letter misleading because: (1) the amounts listed did not add up and therefore didn't make sense; and (2) the listing of a non-zero number under "Interest Accrued Since Charge Off" raised the possibility that interest could accrue in the future, prior to the time plaintiff paid off the "Total Current Balance." Because a collection letter must advise the debtor "what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase," Carlin v. Davidson Fink LLP, 842 F.3d 207, 216 (2d Cir. 2017), the lack of a definitive statement from the collector as to whether interest was or wasn't accruing compelled the court to deny the defendant's motion to dismiss.

Madorskaya v. Frontline Asset Strategies, LLC, No. 19-cv-895, 2020 WL 423408 (E.D.N.Y. Jan. 27, 2020), presented a similar problem, albeit without the misprint. The collection letter there stated:

> Total Amount Due: $7,590.41
> Last Pay Date: 04/10/2017
> Total Due as of Charge-off: $7,681.89
> Total Interest Accrued Since Charge-off: $346.02
> Total non-interest Charges or Fee Accrued Since Charge-off: $0.00
> Total Paid on Debt Since Charge-off: $0.00

The interest charge of $346.02 had accrued, as the letter indicated, post-charge off, but once the creditor assigned the matter out for collection, no further interest had accrued or would accrue. However, the letter did not say that. The omission of this key fact – or, more precisely, the implicit suggestion that interest could be accruing when it was not – led Judge Chen to conclude that the letter was misleading.

At the heart of these holdings is the recognition that the least sophisticated consumer will often, if not usually, have more than one delinquent debt, or at least more than one bill to pay (who doesn't). Assuming lack of adequate resources to pay all bills, else it is unlikely there

5

would be a delinquency, the consumer will have to decide which debts to pay and which to carry. Cf. Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75, 86 (2d Cir. 2018) (explaining that the "materiality inquiry focuses on whether the false statement would 'frustrate a consumer's ability to intelligently choose his or her response'") (quoting Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1034 (9th Cir. 2010)). That decision may be based on a number of factors, like the importance of a particular creditor and the amounts of the various debts, but one of those factors most certainly will be, and should be, which of the debts is continuing to accrue charges. All other factors being equal, a consumer with two $1,000 debts, one of which is getting larger (dynamic) and one of which will never get larger (static), will pay the dynamic debt first. After all, as noted above, the least sophisticated consumer is "not a dolt." Ellis, 591 F.3d at 135.

As Judge Chen recognized in Madorskaya, the Second Circuit has made it clear that a collector need not disclose whether a debt is accruing interest. See Taylor, 886 F.3d at 215. A collection letter is not like an SEC form 10-K (and if that were the standard, it seems clear that the least sophisticated consumer wouldn't understand it anyway). The collector does not have to set forth chapter and verse the default terms of the original credit card or chattel purchase agreement, or even the creditor's internal policies with regard to post-charge-off additions. But what the collector cannot do is imply or suggest that there may be additional charges when in fact there will not be additional charges. See Avila, 817 F.3d at 76–77. For the reason set forth in the preceding paragraph, that false advice could incentivize the consumer to pay the debt at a time when, if accurately advised, he would not.

I understand that unlike any of the cases cited above, we are not dealing with accrual or non-accrual of interest. Here, the listing of a $0.00 balance for post-charge off interest would not create any inference in the consumer's mind that interest might accrue. See Qureshi v. Vital

Recovery Servs., Inc., No. 18-cv-4522, 2019 WL 3842697, at *2 (E.D.N.Y. Aug. 15, 2019); Donaeva v. Client Servs., Inc., No. 18-cv-6595, 2019 WL 3067108, at *2 (E.D.N.Y. July 12, 2019). Interest, of course, is the quintessential example of an ambiguity that could cause a consumer to pay as a means of avoiding its accrual.

Rather, the mysterious term here is the debit and credit for $263.50 in "non-interest charges and fees." I do not know why that amount was debited, nor why it was credited, nor, most importantly, whether it might be debited again after some period of time if the debt remained unpaid. And if I don't know, I cannot expect the least sophisticated consumer to know either. The fact that, whatever it is, it is not an interest element does not change the unaddressed possibility of a recurring charge.

## CONCLUSION

Defendant's [10] motion to dismiss is denied.

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
       June 26, 2020